UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER HELMS, et al,

        Plaintiffs,                        Case No. 22-cv-10783

v.                                            HON. MARK A. GOLDSMITH

GENERAL MOTORS, LLC,

        Defendant.
_____/

**OPINION & ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT (Dkt. 117)**

Before the Court is Plaintiffs' motion for leave to file proposed second amended complaint.[1] (Dkt. 117). For the reasons that follow, the Court denies Plaintiffs' motion.[2]

**I. BACKGROUND**

In April 2022, Plaintiffs filed this putative class action against Defendant GM, alleging fraudulent concealment, breach of warranty, and consumer fraud statutory claims on behalf of six consumers from five states. See Compl. (Dkt. 1). Plaintiffs alleged their 2019–2022 model year vehicles, which were built with GM's "first generation 8L90 and 8L45 transmissions," experienced a "Shift Defect." Id. at ¶¶ 2–3. On August 16, 2023, the Court issued a scheduling order providing that "parties may not be added or pleadings amended more than 14 days after issuance of this Order [August 30, 2023], absent a showing of good cause." Case Mgmt.

---

[1] Although Plaintiffs refer to their proposed amended complaint as a "second amended" complaint, it is in fact a proposed third amended complaint, as a second amended complaint has already been filed (Dkt. 116).

[2] The briefing also includes GM's response to Plaintiffs' motion (Dkt. 119) and Plaintiffs' Reply (Dkt. 120). The Court heard oral argument on the motion on October 10, 2025.

1

Scheduling Order at PageID.2046 (Dkt. 85).

On January 4, 2024, the Court granted the parties' joint motion to stay the case pending the appeals in two automotive-defect class actions: In re General Motors, LLC, No.23-11044 (6th Cir. Oct. 23, 2023) and In re Nissan North America, Inc., No. 23-0501 (6th Cir. Oct. 24, 2023). See 1/4/24 Op. & Order at PageID.2753 (Dkt. 100). In their joint motion, the parties had argued that the Sixth Circuit's decision in those cases would help clarify issues in the instant case. Joint Mot. at PageID.2704 (Dkt. 96).

In the same order, the Court directed California Plaintiffs Juan Castaneda and Banessa Canales Carayhua, Florida plaintiff Robert Krause, and Virginia plaintiff Carly Ball to arbitration based on the allegations in Plaintiffs' initial complaint. 1/4/24 Op. & Order at PageID.2753. The order also granted Plaintiffs leave to file a first amended complaint, which Plaintiffs did, adding the spouses of the existing Plaintiffs to the lawsuit as well as buyers from nine additional states. See Plaintiffs' First Am. Comp. (Dkt. 101); see also Plaintiffs' Mot. for Leave to File First Am. Compl. at PageID.2065 (Dkt. 86) (describing the proposed changes contained in the first amended complaint).

After the Sixth Circuit decided the GM appeal that had prompted the stay in this case, captioned as Speerly v. General Motors, LLC, 143 F.4th 306 (6th Cir. 2025), this Court ordered the parties to file a joint status report setting forth (i) "their views on relevant developments since the entry of the stay order;" (ii) "the impact of the Sixth Circuit's decision in Speerly v. General Motors LLC,"; and (iii) "what further proceedings, if any, should be scheduled in this case." 7/2/25 Order for Joint Statement (Dkt. 109).

In the joint statement (Dkt. 110), Plaintiffs stated that, in light of Speerly, they "intend[ed] to proceed on behalf of a narrowed set of state classes and claims." Id. at PageID.3074. GM stated

2

that Plaintiffs should be "giv[en] leave…to amend their complaint by dropping any plaintiffs and class claims in the [f]irst [a]mended [c]omplaint that [P]laintiffs no longer intend to pursue." Id. at 3075–3076. Plaintiffs also reported that they initiated arbitration for Plaintiffs Carly Ball and Robert Krause, that Ball's claims were found to be arbitrable, but that Krause's claims were not. Id. at PageID.3076. Plaintiffs also reported that they never initiated arbitration for the California Plaintiffs Juan Castenada and Banessa Canales Carayhua. Id. However, Plaintiffs did not disclose that the Castenadas had sold their vehicle over a year earlier, in May 2024. As to further proceedings, the parties stated that they needed approximately five more months of fact discovery and they proposed an amended case management schedule to the Court. Id. at PageID.3076–3077.

The Court held a status conference on July 28, 2025 regarding the joint statement and, at that time, Plaintiffs disclosed their intent to substitute California Plaintiffs, which GM opposed. At the conference, the Court granted leave for Plaintiffs to file a second amended complaint to reflect the narrowed set of state classes and claims, but ordered Plaintiffs to separately file a motion for leave to substitute plaintiffs. On August 6, 2025, the Court entered an amended scheduling order reflecting the accelerated schedule set at the conference. See 8/6/25 Am. Case Mgmt. Scheduling Order (Dkt. 118).

On August 8, 2025, Plaintiffs filed their second amended complaint, which dropped certain claims and plaintiffs. See Second Am. Compl. (Dkt. 116). The same day, Plaintiffs also filed the present motion for leave to file a "second" amended complaint (which is, more accurately, a third-amended complaint). See Mot. for Leave (Dkt. 117). In their motion, Plaintiffs seek leave to: (i) substitute plaintiffs to replace California Plaintiffs Castenada and Canales Carayhua with plaintiffs Mathew Barba and Renzo Calvo Saez and (ii) update the model years of the class vehicles at issue. Id. at PageID.3239.

II. ANALYSIS

Federal Rule of Civil Procedure 15(a) requires a party seeking to amend a complaint, other than as a matter of course, to first obtain the opposing party's written consent or leave of the court. Rule 15(a) dictates that courts should "freely give leave when justice so requires." "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." Seals v. Gen. Motors Corp., 546 F.3d 766, 770 (6th Cir. 2008).

The Federal Rules of Civil Procedure also require courts to issue scheduling orders that "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The rule also dictates that the schedule can only be modified for "good cause and with the judge's consent." Id. at 16(b)(4). Together, these rules require a plaintiff seeking to amend a complaint after the scheduling order's deadline passes to show good cause under Rule 16(b) before considering whether amendment is proper under Rule 15(a). Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16's good cause showing requires the Plaintiffs to demonstrate diligence in attempting to comply with the scheduling order's requirements as well as the potential prejudice to the non-movant. Leary, 349 F.3d at 906, 909.

A. Substituting California Plaintiffs

Plaintiffs argue that they should be allowed to substitute the California Plaintiffs because they timely acted to substitute after the Sixth Circuit's decision in Speerly on June 27, 2025. Reply at PageID.3812. However, the operative trigger for Plaintiffs to have taken some action was much earlier. Plaintiffs admit that they had known since May 2024 that the California Plaintiffs Castaneda and Canales Carayhua had traded in their vehicle at that time. McNamara Decl. at

4

PageID.3756 (Dkt. 117-3). Yet they did not move to re-open the case at that time for the purpose of replacing the California Plaintiffs. The alleged reason for taking no action was the pendency of the stay. Mot. for Leave at PageID.3258; Reply at PageID.3812. But nothing stopped Plaintiffs from seeking to modify the stay so as to substitute plaintiffs. And nothing stopped Plaintiffs from including back-up plaintiffs in the original complaint, which clearly would have been advisable, given the very real possibility that vehicles might be sold during the pendency of the case. Plaintiffs could have also expressed their intention to substitute the California Plaintiffs when they filed their joint statement in early July. Instead, they waited until the status conference at the end of July to mention substituting the California Plaintiffs for the first time. Plaintiffs have not demonstrated sufficient diligence regarding the substitution of plaintiffs.

As for unfair prejudice, GM argues that it would be prejudiced because, with the substitution of California Plaintiffs, it would be pressed to litigate again the issue of whether arbitration should be compelled. Resp. at PageID.3801–3802. Plaintiffs argue that GM would be foreclosed from doing that, based on a recent decision of the California Supreme Court in *Ford Motor Company Warranty Cases*, 570 P.3d 857 (Cal. 2025). Reply at PageID.3813–3814. GM disagrees that it would be foreclosed by that decision. Resp. at PageID.3801-3802.

GM has the better of the argument on prejudice. Whether the recent California decision defeats GM's arbitration position is far from clear. In any case, that would be a matter that would be tested out through a renewed process to compel arbitration, which could take significant time. Progress towards resolution of this case would be halted, as that issued was litigated. Any such issue should have been resolved long ago, given that this Court had ordered that the arbitration process be initiated more than twenty months ago with the California Plaintiffs who have now bowed out of this case. The Court directed the California Plaintiffs to arbitration on January 4,

5

2024. 1/4/24 Op. & Order at PageID.2753. They failed to follow the Court's order and instead traded in their vehicle.

A renewed arbitration process with accompanying delay is unfair prejudice to GM, requiring it to expend considerable effort to address similar issues in a different context with new plaintiffs and delaying the ultimate resolution of this case. See e.g., George v. Kraft Foods Global, Inc., 641 F.3d 786, 791 (6th Cir. 2011) (finding that the district court did not abuse its discretion in denying a motion to amend under the more lenient Rule 15 standard, even where the discovery deadline had not yet closed, where "allowing the amendment would have required the parties and the court to backtrack and redo work that had already been completed…").

For these reasons, the Court denies the request to substitute the California Plaintiffs.

### B. Adding Model Years

Plaintiffs argue that they have shown diligence in their motion for leave to expand the class to include model years 2023 and 2024 in their proposed amended complaint, because they only recently discovered certain technical service bulletins (TSBs) addressing the alleged transmission issues with these model years. McNamara Decl. at PageID.3755. Plaintiffs argue that they have acted with diligence because they are not required to "root around the internet" to see if GM updated their TSBs. Reply at PageID.3815. Furthermore, Plaintiffs argue, GM was asked to produce responsive TSBs and it did not produce the two 2023 TSBs. Id.

However, as GM argues, Plaintiffs have not adequately explained their delay in seeking to expand the class. Resp. at PageID.3800. Plaintiffs have had access to the applicable TSBs because they have been posted online since January 12, 2023 and October 19, 2023. Id. Plaintiffs clearly know how to find TSBs online, because they included some in their original complaint. See

6

Service Bulletin No. 16-NA-361 at PageID.316 (Dkt. 1-4). Plaintiffs' unexplained delay demonstrates a clear lack of diligence.

As for prejudice, Plaintiffs make two arguments why GM will not suffer undue prejudice by their proposed amendment to add model years 2023 and 2024 to their complaint. First, Plaintiffs argue that their complaints have never been limited to particular model years. Reply at PageID.3814; 10/10/25 Hr'g Tr. at PageID.3933. Plaintiffs' request, they say, is merely to clarify the scope of the information they have always sought. 10/10/25 Hr'g Tr. at PageID.3933. Second, Plaintiffs contend that GM would not be unduly prejudiced by additional discovery related to their proposed amended complaint because new discovery requests related to these additional model years would be limited. Id. at PageID.3936. Plaintiffs argue that they only need additional sales and warranty data and that they would not need to take additional depositions. Id.

GM argues that allowing Plaintiffs to add model years would unfairly prejudice them and likely further delay this case. Resp. at PageID.3802. GM asserts that the proposed new model years involve a different transmission ("Gen 2"), so it would have to produce more than just sales and warranty data. 10/10/25 Hr'g Tr. at PageID.3942–3943.

The Court agrees with GM that it would be unfairly prejudiced if the Court were to permit Plaintiffs to amend to add model years. It is disingenuous for Plaintiffs to argue that their complaint was never limited to particular model years; one of their reasons for the proposed amendment is to add model years. In addition, because a new transmission would be involved with more recent model years, it is highly unlikely that additional discovery will not be expansive, both in terms of fact and expert discovery. Certainly, an expanded Rule 30(b)(6) deposition will be required to inquire about the new subject matter.

An automotive class action must come to some point of closure regarding model years; otherwise, the court and the litigants would be engaged, potentially, in a moving target that would make it difficult to process a case for summary judgment or trial. See e.g., Phelps v. McClellan, 30 F.3d 658, 662–663 (6th Cir. 1994) (finding that courts considering prejudice under the more lenient Rule 15(a) standard look to "whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction"). Deferring that type of closure here would amount to unfair prejudice.

The Court denies Plaintiffs' request to expand the model years in the complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion for leave to file their proposed amended complaint (Dkt. 117).

SO ORDERED.

Dated: November 25, 2025  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

8